[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11471

_____

D.C. Docket No. 8:15-cv-00226-MSS-MAP

LENA L. YOUNG,
as Personal Representative of the Estate of Arthur Green, Jr., deceased,

Plaintiff-Appellant,

versus

CITY OF TAMPA,
OFFICER ANTHONY PORTMAN,
Tampa Police Department,
CORPORAL MATTHEW SMITH,
Tampa Police Department,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 20, 2018)

Before ED CARNES, Chief Judge, NEWSOM, and SILER,[*] Circuit Judges.

PER CURIAM:

Plaintiff Lena Young, as the personal representative of the Estate of Arthur Green, Jr., filed this action against the City of Tampa and two of its police officers. She alleged that the City failed to train its police officers under 42 U.S.C. § 1983, that it violated the Americans with Disabilities Act and the Rehabilitation Act, and that it violated state law. She also brought excessive force and deliberate indifference to serious medical need claims against the officers. The district court dismissed the federal claims against the City for failure to state plausible claims for relief, granted qualified immunity to the officers, and dismissed the state law claims for lack of jurisdiction.[1]

We affirm for the reasons stated in the court's order dismissing Young's amended complaint, with the exception of one sentence. In that sentence, the court stated that: "Even assuming the Officers' restraint in that two minute interim was more than necessary or grossly negligent, as it certainly appears that it was from the allegations of the Amended Complaint, it does not amount to the level of force

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

[1] Young contends that granting qualified immunity at the motion-to-dismiss stage is inappropriate. To the contrary, that defense "may be . . . raised and considered on a motion to dismiss." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002); see also Johnson v. Breeden, 280 F.3d 1308, 1317 (11th Cir. 2002) ("[A] valid defense based upon [qualified immunity] must be recognized as soon as possible, preferably at the motion to dismiss or summary judgment stage of the litigation.").

2

that in character and substance meets the high threshold needed to sustain a claim of excessive force." Doc. 37 at 20. That sentence is not necessary to the court's decision, and we do not imply any position about whether it is correct.

**AFFIRMED.**